[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 1, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14705
Non-Argument Calendar

_____

D. C. Docket No. 06-00528-CR-WSD-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KINGSLEY MANG IREKE,
a.k.a. Kingsley Chiedu Onukwube,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 1, 2008)**

Before ANDERSON, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Kingsley Mang Ireke appeals his 41-month sentence for fraudulent use of a

non-immigrant visa, a violation of 18 U.S.C. § 1546(a), and unlawful reentry by a

deported alien, a violation of 8 U.S.C. §§ 1326(a) and (b)(2).  On appeal, Ireke

argues that his low-end sentence -- Ireke faced a Guidelines range of 41 to 51

months' imprisonment -- is unreasonable.  After careful review, we affirm.

We review the final sentence imposed by the district court for

reasonableness.  United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005).

Specifically, the district court must impose a sentence that is both procedurally and

substantively reasonable.  Gall v. United States, 552 U.S. ___, 128 S. Ct. 586, 597

(2007).  A sentence may be procedurally unreasonable if the district court

improperly calculates the Sentencing Guidelines range, treats the Guidelines as

mandatory rather than advisory, fails to consider the appropriate statutory factors,

selects a sentence based on clearly erroneous facts, or fails to adequately explain

the chosen sentence. Id.

After we have determined that the sentence is procedurally sound, Gall

directs that we review the substantive reasonableness of a sentence under an abuse-

of-discretion standard.  Id.  After Gall, "an appellate court may still overturn a

substantively unreasonable sentence, albeit only after examining it through the

prism of abuse of discretion."  United States v. Pugh, 515 F.3d 1179, 1191 (11th

Cir. 2008).  The review for substantive reasonableness involves examining the

totality of the circumstances, including an inquiry into whether the statutory factors

in 18 U.S.C. § 3553(a) support the sentence in question. Gall, 128 S. Ct. at 597-600. A district court is obliged to consider all of these factors in fashioning an appropriate sentence. Pugh, 515 F.3d at 1191.

We will defer to the judgment of the district court in the weight given to the § 3553(a) factors unless the district court has made "a clear error of judgment" and has imposed "a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), cert. dismissed, 127 S. Ct. 3040 (2007), abrogated on other grounds by Kimbrough v. United States, 552 U.S. ___, 128 S. Ct. 558 (2007); see also United States v. McBride, 511 F.3d 1293, 1297-98 (11th Cir. 2007) (noting that disagreement with how the district court weighs certain factors is insufficient to reverse a procedurally proper sentence); United States v. Hunt, 459 F.3d 1180, 1185 (11th Cir. 2006) (holding that a district court "may determine, on a case-by-case basis, the weight to give the Guidelines," as long as the court also considers the other § 3553(a) factors).

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," namely to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal

conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the Sentencing Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1), (3)-(7).

In the instant case, Ireke's sentence is procedurally reasonable. Ireke raises no issue concerning the calculation of the Guidelines range. The record makes clear both (1) that district court heard the arguments of Ireke's counsel, the government, and Ireke himself, and reviewed all exhibits containing mitigating circumstances, as presented by Ireke, and (2) that district court explicitly stated it had considered the foregoing arguments, statements and exhibits, the advisory Guidelines, and the § 3553(a) factors. Moreover, in explaining its sentencing decision, the court specifically addressed the § 3553(a) factors of the nature and circumstances of the offense, the history and circumstances of the defendant, the seriousness of the offense, as well as the needs to promote respect for the law and to provide deterrence and just punishment. On this record, there is no indication

4

that the district court failed to give due consideration to relevant mitigating circumstances and the § 3553(a) factors.

The record also demonstrates that the district court imposed a substantively reasonable sentence, as the sentence was supported by the § 3553(a) factors. See Gall, 128 S. Ct. at 597. In explaining its decision, the district court expressly discussed Ireke's age, educational history, family situation, reasons for committing the offense, and the financial hardships to his family, all of which are § 3553(a) factors that relate to his personal history and circumstances or the seriousness of the offense. In fact, the district court indicated that its reasons for imposing the sentence included Ireke's college education, business success, and previous incarceration for the same offense. In imposing a sentence at the lowest end of the Guidelines range, the district court also relied on the § 3553(a)(2) purposes of deterrence, promoting respect for the law, and providing just punishment.[1] In short, Ireke has not shown that the district court did not consider the § 3553(a) factors or that the sentence was "greater than necessary" to comply with the purposes of § 3553(a)(2). Accordingly, we affirm.

---

[1] To the extent Ireke asserts the district court gave more weight to certain factors than to others, we will affirm the sentence so long as it is within a reasonable range in light of the facts and the circumstances. See Williams, 456 F.3d at 1363. Indeed, "Gall itself found that the district court did not commit reversible error simply because it 'attached great weight' to a single factor." Pugh, 515 F.3d at 1192 (quoting Gall, 128 S. Ct. at 600).

**AFFIRMED.**